Cabell, J.
I have been always surprized to hoar the case of Fox v. Rootes referred to as authority; at least, as to those points which received the sanction of two only of *434 the three judges who sat in the case. This court consists of five judges; and although three of them, being a majority, constitute a court competent to decide any case which may be brought before it, yet a point decided on the opinion of two only of the three judges so constituting a court, is never regarded as authority; such opinion decides the case as between the parties, but does not settle the law of the land. In consequence of this well established principle, the case of Fox v. Rootes, though most elaborately and ably argued at the bar, and most gravely considered by the court, was directed not to be reported ; and such was the diversity of opinion among the judges, the majority consisting on some points of one set of judges and on others of another, that they determined not even to deliver their opinions in court, but simply to embody in the decree, the points, on which the court, or a majority, were found to agree.
That case has been referred to in the argument of this, as establishing the general principle, that a person obtaining a judgement, and having a ca. sa. levied on the body of his debtor, who is duly discharged under the insolvent law, still has the benefit of the lien of his judgement, so as to overreach an incumbrance created by the debtor between the date of the judgement and the levy of the execution. I sat in Fox v. Rootes, and was one of “ the majority of the court, who thought that, under the circumstances of the case, the creditor by decree, who had resorted to the ca. sa. and had pursued bis debtor to insolvency, did not lose the lien of his prior decreeand I well remember, that I came to that opinion, not as the result of any general principle, but as the result of the particular circumstances of the case. Indeed, this is manifest from the language of the decree itself, as has been shewn by my brother Carr. Whether the circumstances relied on by the majority of the court, justified their opinion on that point, it is not material to inquire, there being no such circumstances in the case now before us. ■ We have now nothing to decide but the general principle ; and I am clearly of opinion, as I was when I decided *435 Fox v. Rootes, that, in the absence of particular circumstances, a creditor who resorts to his ca. sa. and pursues his debtor until he is discharged under the insolvent act, loses the lien of his decree or judgement; that particular lien being merged in the superiour lien of the ca. sa. executed, and being forever discharged by the ca. sa. having had its full effect.
I, therefore, think the decree before us was right, as to the main point in the cause. And I concur with judge Carr, for the reasons given by him, as to the propriety of the dis-mission of the bill. If there is really any probability that a surplus will remain after the satisfaction of the creditors under the deeds of trust, the appellants will be at liberty, notwithstanding the dismission of this bill, to institute a new suit for the purpose of reaching it. I am for affirming the decree.